UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

ROSE McCLAIN,

       Plaintiff,

       v.                                      Case No. 09-CV-980

KOHN LAW FIRM, S.C., HONORABLE JEAN
DIMOTTO, and UNIVERSITY OF WISCONSIN-
MILWAUKEE,

       Defendants.

———————————————————————————

## ORDER

Pro se plaintiff Rose McClain ("McClain") filed this action against defendants Honorable Jean DiMotto ("Judge DiMotto"), the University of Wisconsin-Milwaukee ("UWM"), and the Kohn Law Firm ("the Kohn firm") alleging claims related to a state court action and judgment against McClain for repayment of student loans in the amount of $11,130.05. McClain alleges that the defendants' actions in filing, obtaining a judgment against her, along with attempts to recover the amount due thereon, are harassing and discriminatory because she claims the subject student loans were earlier discharged in federal bankruptcy court in 1992. Judge DiMotto and UWM have filed a motion to dismiss the action against them. The court will grant this request and at the same time will dismiss the case in its entirety.

First, McClain cannot maintain her claim against Judge DiMotto because of judicial immunity. Judicial immunity is a common law doctrine that shields judicial

actors from liability for civil damages arising from the performance of their judicial functions. *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). This immunity is very broad and even protects judicial actions that are erroneous, malicious, or procedurally flawed. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The claims against Judge DiMotto arise out of her judicial acts in hearing and deciding a case pending before her in the Milwaukee County Circuit Court. These actions fall squarely within the parameters of the judicial function and are protected by judicial immunity.

Second, McClain cannot maintain her action against UWM because she fails to state a claim upon which relief may be granted. McClain makes assertions regarding the acts of the Kohn firm attorneys, but makes none against UWM. Indeed, McClain does not allege any actions or involvement by UWM and the only mention of the school is an indirect one whereby she accuses Judge DiMotto of "representing the University of Wisconsin-Milwaukee." (*See* Compl., at 4).

Third, McClain cannot maintain her action because it contests the state court judgment for repayment of her loans. A federal district court lacks the authority to review final judgments of a state court in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This is known as the Rooker-Feldman doctrine and it holds that litigants cannot file collateral attacks on state court civil judgments in the federal courts, but can only seek review in the United States Supreme Court. *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994).

Thus, the court lacks jurisdiction to hear a claim regarding the validity of Judge DiMotto's judgment.

Fourth, McClain fails to state any additional claim against the Kohn firm. McClain's only allegations against the firm are that its employees were "hostile or very defensive" when she called to discuss the state action, that one of the attorneys yelled at her to "pay your debt," and that the firm instructed her to hire a lawyer to resolve the state court matter. These assertions do not support a claim upon which relief may be granted.

Finally, even if McClain did state a claim against the Kohn firm, the court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332. The court does not have "federal question" jurisdiction under § 1331 because McClain does not state a claim arising under a federal law, treaty, or the United States Constitution. Similarly, the court does not have "diversity" jurisdiction under § 1332 because McClain and the defendants are all citizens of Wisconsin and she does not plead damages of more than $75,000. The only figure that appears in her complaint is the $11,130.05 she was ordered to pay pursuant to the state court judgment. This sum does not meet the amount-in-controversy threshold. Therefore, the court is obliged to dismiss the case against all defendants.

Accordingly,

**IT IS ORDERED** that the motion to dismiss (Docket #4) be and the same is hereby **GRANTED**, and this case is **DISMISSED** in its entirety.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-

Case 2:09-cv-00980-JPS   Filed 02/10/10   Page 4 of 4   Document 8